UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

JAMES BILOTTO,

                         Plaintiff,

    -against-

CITY OF NEW YORK, JEFFREY DESIO, Individually,
BRUCE CEPARANO, Individually, ANTHONY LAIETA,
Individually, KRISTIN WHITE, Individually, and JOHN and
JANE DOE 1 through10, Individually, (the names John and
Jane Doe being fictitious, as the true names are presently unknown),

                         Defendants.

------------------------------------------------------------------------X

**AMENDED COMPLAINT**

12 CV 4747
(JBW) (RER)

<u>Jury Trial Demanded</u>

       Plaintiff JAMES BILOTTO, by his attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully alleges as follows:

### Preliminary Statement

       1.    Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States. Plaintiff also asserts supplemental state law claims.

### JURISDICTION

       2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

       3.    Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

### VENUE

       4.    Venue is properly laid in the Eastern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.     Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.     Plaintiff JAMES BILOTTO is a fifty-six year old man residing in Staten Island, New York.

7.     Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.     Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.     That at all times hereinafter mentioned, the individually named defendants, JEFFREY DESIO, BRUCE CEPARANO, ANTHONY LAIETA, KRISTIN WHITE, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.    That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11.    Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW

YORK.

## FACTS

12. On June 23, 2011, at approximately 11:30 p.m., plaintiff JAMES BILOTTO was lawfully present in the vicinity of Richmond Terrace and Maple Avenue on Staten Island when the defendant officers, believed to include JEFFREY DESIO, BRUCE CEPARANO, and ANTHONY LAIETA, stopped and detained him.

13. Although plaintiff had committed no crimes or offenses, the defendant officers placed handcuffs on plaintiff's wrists and transported plaintiff to a NYPD police precinct.

14. The defendant officers arrested plaintiff based on false allegations made by the defendant officer KRISTIN WHITE that plaintiff had committed a crime.

15. Based on the defendant officers' false allegations, plaintiff was incarcerated until approximately 12:00 p.m. on June 24, 2011, when the defendants released plaintiff after the Richmond County District Attorney's Office reviewed the arrest and declined to prosecute plaintiff.

16. Defendant BRUCE CEPARANO supervised defendants JEFFREY DESIO, ANTHONY LAIETA, KRISTIN WHITE, and JOHN and JANE DOE 1 through 10, and approved of, oversaw, and otherwise participated in the arrest and prosecution of the plaintiff.

17. Defendants JEFFREY DESIO, BRUCE CEPARANO, ANTHONY LAIETA, KRISTIN WHITE, and JOHN and JANE DOE 1 through 10 participated in or failed to intervene in the illegal conduct described herein.

18. The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD

officers, including the defendants, are insufficiently trained regarding: the basis for arrests and that many officers engage in a practice of falsification.

19. Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiff's civil rights.

20. Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

21. As a result of the foregoing, plaintiff JAMES BILOTTO sustained, *inter alia*, physical pain and suffering, emotional distress, embarrassment, and humiliation, and deprivation of his constitutional rights.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. § 1983)

22. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "21" with the same force and effect as if fully set forth herein.

23. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

24. All of the aforementioned acts deprived plaintiff JAMES BILOTTO of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and

Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

25. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

26. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

27. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

28. As a result of the foregoing, plaintiff JAMES BILOTTO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SECOND CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

29. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "28" with the same force and effect as if fully set forth herein.

30. Defendants arrested plaintiff JAMES BILOTTO without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

31. Defendants caused plaintiff JAMES BILOTTO to be falsely arrested and unlawfully imprisoned.

32. As a result of the foregoing, plaintiff JAMES BILOTTO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A THIRD CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

33. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "32" with the same force and effect as if fully set forth herein.

34. Defendants had an affirmative duty to intervene on behalf of plaintiff JAMES BILOTTO, whose constitutional rights were being violated in their presence by other officers.

35. The defendants failed to intervene to prevent the unlawful conduct described herein.

36. As a result of the foregoing, plaintiff JAMES BILOTTO'S liberty was restricted for an extended period of time, he was put in fear of his safety, and he was humiliated and subjected to handcuffing and other physical restraints.

37. As a result of the foregoing, plaintiff JAMES BILOTTO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Deprivation of Substantive Due Process under 42 U.S.C. § 1983)

38. Plaintiff repeats, reiterates, and realleges each and every allegation contained in

paragraphs numbered "1" through "37" with the same force and effect as if fully set forth herein.

39. The defendants conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment.

40. As a result of the foregoing, plaintiff JAMES BILOTTO was deprived of his liberty and right to substantive due process, causing emotional and physical injuries.

41. As a result of the foregoing, plaintiff JAMES BILOTTO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A FIFTH CAUSE OF ACTION**
(Supervisory Liability under 42 U.S.C. § 1983)

42. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43. The individual defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

44. As a result of the foregoing, plaintiff JAMES BILOTTO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SIXTH CAUSE OF ACTION**
(Municipal Liability under 42 U.S.C. § 1983)

45. Plaintiff repeats, reiterates, and realleges each and every allegation contained in

paragraphs numbered "1" through "44" with the same force and effect as if fully set forth herein.

46.  Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

47.  The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff JAMES BILOTTO'S rights as described herein.

48.  As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

49.  The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff JAMES BILOTTO.

50.  The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff JAMES BILOTTO as alleged herein.

51.  The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff JAMES BILOTTO as alleged herein.

52.  As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff JAMES

BILOTTO was unlawfully arrested and imprisoned.

53. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff JAMES BILOTTO'S constitutional rights.

54. All of the foregoing acts by defendants deprived plaintiff JAMES BILOTTO of federally protected rights, including, but not limited to, the right:

 A. Not to be deprived of liberty without due process of law;

 B. To be free from false arrest/unlawful imprisonment; and

 C. To be free from the failure to intervene.

55. As a result of the foregoing, plaintiff JAMES BILOTTO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## Supplemental State Law Claims

56. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "55" with the same force and effect as if fully set forth herein.

57. Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

58. The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

59. This action was commenced within one (1) year and ninety (90) days after the

cause of action herein accrued.

60. Plaintiff has complied with all conditions precedent to maintaining the instant action.

61. This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(False Arrest under the laws of the State of New York)

62. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "61" with the same force and effect as if fully set forth herein.

63. Defendants arrested plaintiff JAMES BILOTTO without probable cause.

64. Plaintiff was detained against his will for an extended period of time and subjected to physical restraints.

65. As a result of the aforementioned conduct, plaintiff JAMES BILOTTO was unlawfully imprisoned in violation of the laws of the State of New York.

66. As a result of the aforementioned conduct, plaintiff JAMES BILOTTO suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

67. As a result of the foregoing, plaintiff JAMES BILOTTO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(Battery under the laws of the State of New York)

68. Plaintiff repeats, reiterates, and realleges each and every allegation contained in

paragraphs numbered "1" through "67" with the same force and effect as if fully set forth herein.

69. Defendants made offensive contact with plaintiff without privilege or consent.

70. As a result of defendant's conduct, plaintiff JAMES BILOTTO has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

71. As a result of the foregoing, plaintiff JAMES BILOTTO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A NINTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress under the laws of the State of New York)

72. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "71" with the same force and effect as if fully set forth herein.

73. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

74. The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

75. The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

76. The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiff JAMES BILOTTO.

77. As a result of the aforementioned conduct, plaintiff JAMES BILOTTO suffered emotional distress, physical and mental injury, together with embarrassment, humiliation, shock,

fright, and loss of freedom.

78. As a result of the foregoing, plaintiff JAMES BILOTTO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A TENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

79. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "78" with the same force and effect as if fully set forth herein.

80. Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiff JAMES BILOTTO.

81. Defendant CITY OF NEW YORK knew, or should have know in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

82. As a result of the foregoing, plaintiff JAMES BILOTTO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

83. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "82" with the same force and effect as if fully set forth herein.

84. Upon information and belief the defendant CITY OF NEW YORK failed to use

reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest of plaintiff JAMES BILOTTO.

85. As a result of the foregoing, plaintiff JAMES BILOTTO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A TWELFTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

86. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "85" with the same force and effect as if fully set forth herein.

87. Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

88. As a result of the foregoing, plaintiff JAMES BILOTTO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A THIRTEENTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

89. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "88" with the same force and effect as if fully set forth herein.

90. Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they

engaged in the wrongful conduct described herein.

91. As a result of the foregoing, plaintiff JAMES BILOTTO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FOURTEENTH CAUSE OF ACTION
(Violation of N.Y.S. Constitution Article 1 §12)

92. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "91" with the same force and effect as if fully set forth herein.

93. As a result of defendants' conduct, plaintiff JAMES BILOTTO was deprived of his right to security against unreasonable searches, seizures, and interceptions.

94. As a result of the foregoing, plaintiff JAMES BILOTTO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff JAMES BILOTTO demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)　full and fair compensatory damages in an amount to be determined by a jury;

(B)　punitive damages against the individual defendants in an amount to be determined by a jury;

(C)　reasonable attorneys' fees and the costs and disbursements of this action; and

(D)　such other and further relief as appears just and proper.

Dated: Brooklyn, New York
May 16, 2013

> LEVENTHAL & KLEIN, LLP
> Attorneys for Plaintiff JAMES BILOTTO
> 45 Main Street, Suite 230
> Brooklyn, New York 11201
> (718) 722-4100
>
> By: _____
> BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------X

JAMES BILOTTO,

                                   Plaintiff,

            -against-

CITY OF NEW YORK, JEFFREY DESIO, Individually,
BRUCE CEPARANO, Individually, ANTHONY LAIETA,
Individually, KRISTIN WHITE, Individually, and JOHN and
JANE DOE 1 through10, Individually, (the names John and Jane
Doe being fictitious, as the true names are presently unknown),

                                Defendants.

--------------------------------------------------------------------------X

12 CV 4747
(JBW) (RER)

**AMENDED COMPLAINT**

**LEVENTHAL & KLEIN, LLP**
Attorneys for the Plaintiff
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100